UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

STACEY MILLER,

    Petitioner,

v.

D. BERKEBILE, *Warden*,

    Respondent.

Civil Action No. 6:11-00260-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Stacey Miller, confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [R. 1], which he has supplemented with subsequent filings, [R. 4], and [R. 6].

As Miller has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Because Miller has not demonstrated that his remedy in the federal court where he was convicted was an inadequate or ineffective means of challenging his conviction and sentence, or that other grounds exist entitling him to relief under § 2241, his petition will be denied, and this action will be dismissed.

## CONVICTION, APPEAL AND COLLATERAL CHALLENGES

A federal jury in Madison, Wisconsin, found Miller guilty of two counts of distributing more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). *United States v. Miller*, 3:02-CR-00071-bbc-2 (W.D. Wis) ("the Trial Court"). On April 17, 2002, Miller was sentenced to a 400- month prison term followed by eight years of supervised release. Miller's conviction and sentence were affirmed on appeal. *See United States v. Miller*, 327 F.3d 598 (7th Cir. 2003).

On July 28, 2004, Miller filed a motion to vacate his sentence under 28 U.S.C. § 2255, setting forth thirty-one grounds for relief. Three of Miller's grounds for relief (Grounds 26-28) alleged ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.[2]

---

[2] Miller's other § 2255 claims were: (1) the government engaged in prosecutorial misconduct in numerous instances; (2) the Trial Court violated his right to due process of law and/or equal protection in its rulings relating to the admission of evidence and testimony, denying Miller's various requests for continuances, and improperly enhancing his sentence for (a) conduct that had not been charged in the indictment, and (b) obstruction of justice under U.S.S.G. § 3C1.1 after finding that he (Miller) tried to present untruthful alibi witnesses; (3) the government failed to seek a reduction in his sentence under Fed. R. Crim. P. 35 or U.S.S.G. § 5K1.1 as it had promised, and (4) his appellate counsel rendered ineffective assistance in violation of the Sixth Amendment.

On December 29, 2004, the Trial Court denied the § 2255 motion, finding that some of the claims were barred because Miller had unsuccessfully raised them in his direct appeal; that some claims were barred because Miller could have raised them on direct appeal but failed to do so; and that the majority of Miller's claims, including his three Sixth Amendment ineffective assistance of counsel claims, were barred because he had alleged only conclusory and self-serving allegations, not specific evidence. *See United States v. Miller*, No. 04-C-0527-C, 01-CR-0071-C-02, 2004 WL 3052076, (W. D. Wis. December 29, 2004). The Trial Court rejected Miller's Sixth Amendment claim that his trial counsel was ineffective for not calling witnesses to challenge the charge that he distributed cocaine base, explaining that witnesses were not needed because the composition of the cocaine base was irrelevant in sentencing. *Id.*, at *6.

On March 8, 2005, the Trial Court granted Miller a certificate of appealability as to his Sixth Amendment ineffective assistance of counsel claims, but denied a certificate of appealability as to his claim that it had enhanced his sentence by relying on facts not found beyond a reasonable doubt in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker* 125 S.Ct. 738 (2005), which was

decided on January 12, 2005.[3] *See United States v. Miller*, No. 04-C-0527-C, 01-CR-0071-C-02, 2005 WL 568064, at *1 (W.D. Wis. March 08, 2005). The Trial Court explained that because of the Court of Appeals for the Seventh Circuit had just one month before issued a decision holding that the rights recognized in *Booker* do not apply retroactively to cases on collateral review, *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), Miller could not show that he was entitled to a modification of his sentence based upon *Booker*. *Miller*, 2005 WL 568064, at *1.

Miller appealed. On June 6, 2006, the denial of the § 2255 motion was affirmed. *Miller v. United States*, 183 F. App'x 571 (7th Cir. 2006). The court concluded that: (1) the government was not required to divulge the non-usable part of the cocaine base for which Miller was held responsible; (2) under U.S.S. G. § 2D1.1, the Trial Court properly enhanced Miller's sentence based on the "entire weight of any mixture or substance containing a detectable amount of the controlled substance," not just on the actual amount of controlled substance he possessed; (3) based on Miller's career offender status, his guideline imprisonment range of 360 months to life, his relevant conduct, and his obstruction of justice based on suborning

---

[3] *Booker* held that defendants in federal criminal cases have a right to a jury determination of any disputed factual subject that increases the maximum punishment. 125 S. Ct. at 756. The Court held also that the Sentencing Guidelines are unconstitutional to the extent they require judges to base sentences on facts that are not the product of factfinding by a jury but that the guidelines are not unconstitutional if judges use them for advisory purposes. *Id.*

perjury at trial, the Trial Court properly enhanced Miller's sentence; (4) it was not ineffective assistance for Miller's trial counsel not to have called witnesses to testify on the composition of the cocaine base because the issue was irrelevant in sentencing; and (5) Miller failed to support his other three ineffective assistance claims with specific allegations showing that their alleged actions, or inactions, would have made a difference in the outcome of the trial. *Id.*, at 579-81.[4]

On August 9, 2010, Miller filed a motion in the Trial Court seeking relief from his sentence under Federal Rule of Civil Procedure 60(b). *See* Trial Court Docket, Entry No. 181. Miller alleged that the Indictment was constitutionally defective because it charged him only with distributing "cocaine base" without charging him with all elements of an aggravated cocaine offense necessary to enhance his sentence, *i.e.*, "the drug type of the carrier controlled substance in which the cocaine base must be contained," *id.*, p. 5; that based on the defective Indictment, the government falsely represented to him that he was facing a mandatory minimum sentence of forty years; and that based on the government's fraudulent misrepresentations, the Trial Court imposed an illegal sentence which exceeded the statutory maximum sentence for the charged offense.

---

[4] The Seventh Circuit addressed, in detail, Miller's numerous other § 2255 claims, and affirmed the Trial Court's denial of them. *Id.*, at 578-79; and at 581-582.

The next day, the Trial Court characterized the submission as a successive § 2255 motion and denied it because Miller had not obtained the Seventh Circuit's permission to file a successive § 2255 motion. *Id.*, Entry No. 182.

On November 1, 2010, Miller filed a motion in the Trial Court seeking a modification of sentence pursuant to 18 U.S.C. § 3582 and Amendments 706 and 711 to the Sentencing Guidelines. *Id.*, Entry No. 181.[5] These Amendments were intended to reduce the disparities in sentences for crack cocaine and power cocaine by reducing the base offense levels applicable to crack cocaine offenses. On November 4, 2010, the Trial Court denied that motion because Miller is a career offender as defined by U.S.S.G. 4B1.1(a), and Amendments 706 and 711 do not apply to career offenders. *Id.*, Entry No. 182.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Miller asserts essentially the same claim in this § 2241 petition that he asserted in his Rule 60(b) motion/ construed successive § 2255 motion: that the Indictment failed to charge him with all elements necessary to prove that he distributed crack cocaine. He slightly modified his challenge in his § 2241 petition, this time alleging that his trial counsel rendered ineffective assistance of counsel in violation of the

---

[5] This was Miller's second § 3582(c)(2) motion. On January 4, 2010, the Trial Court denied his first motion seeking a sentence reduction under §§ 3582(c)(2). *See* Trial Court Docket No. 176.

Sixth Amendment by failing to advise him of, and challenge, the constitutional defectiveness of the Indictment, and by not challenging the government's failure to prove that the controlled substance of which he was convicted of distributing was in fact "crack" cocaine. In support of his claims, Miller cites two Seventh Circuit decisions, *United States v. Booker*, 70 F.3d 488, (7th Cir. 1995), and *United States v. Edwards*, 397 F. 3d 570 (7th cir. 2004).

In *Booker*, the Seventh Circuit noted that although "cocaine base" and "cocaine" are scientifically synonymous, 21 U.S.C.A. § 841(b)(1)(A)(iii) assigned enhanced penalties to offenses involving 50 grams or more of "cocaine base" but required 5 kilograms or more (a 100:1 ratio) of "cocaine" or "its salts" to trigger the enhanced penalties. *Id.*, at 489. The court held that despite the chemical identity between cocaine and cocaine base, "the legislative history of § 841(b) demonstrates that Congress intended the terms to have different meanings," *id.*, at 492, and that for purposes of the mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), the phrase "cocaine base" refers to cocaine base that constitutes crack. *Id.*

In *Edwards*, the district court applied two 10-year mandatory minimum sentences based on Edwards' possession of non-crack forms of cocaine base, concluding that any form of cocaine base qualified for the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), which prescribes a mandatory minimum

7

sentence of ten years for the manufacture, distribution, or possession with intent to manufacture or distribute 50 grams or more of "cocaine base." *United States v. Edwards*, 294 F. Supp.2d 954, 959-60 (N.D. Ill. 2003).

On appeal, the Seventh Circuit addressed whether the distinction between cocaine base and crack was meaningful for purposes of the enhanced penalties for cocaine base offenses under 21 U.S.C. § 841(b). *Edwards*, 397 F.3d at 571.[6] The court observed that "All crack is cocaine base but not all cocaine base is crack," *id.*, and reversed Edwards' sentence, holding that under its prior decision in *Booker*, the mandatory minimum sentence in 21 U.S.C.A. § 841(b)(1)(A)(iii) applied only to cocaine base offenses involving crack cocaine. *Id.*, at 577.

Miller appears to argue that had his counsel argued these cases on his behalf, he would have received a lesser sentence.

## **DISCUSSION**

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the

---

[6] The court noted that the federal Sentencing Guidelines also call for increased penalties, in the form of heightened base offense levels, for crimes involving "cocaine base," citing U.S.S.G. § 2D1.1(c), and that while the Sentencing Guidelines defined "cocaine base" as "crack" for purposes of the higher penalties, citing U.S.S.G. § 2D1.1(c), Note (D), the statute contained no such limiting definition. *Edwards*, 397 F.3d at 571.

mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Miller can not make that showing. First, to the extent that he now asserts a Sixth Amendment claim challenging the manner in which his sentence was calculated or enhanced under 21 U.S.C. § 841(b)(1)(A)(iii) based on the Seventh Circuit's *Booker* decision, he could and should have asserted that specific Sixth Amendment claim either on direct appeal or when he filed his § 2255 motion. The Seventh Circuit's *Booker* decision was rendered on November 16, 1995, over six years before Miller was sentenced and almost ten years before Miller filed his § 2255 motion.

Miller raised other Sixth Amendment claims in his § 2255 motion, but not one based on the Seventh Circuit's *Booker* decision. When a prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, his remedy under § 2255 is not rendered "inadequate and ineffective." *Charles*, 180 F.3d 756-758; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).[7]

Second, Miller asserts essentially the same claims in this § 2241 petition that he asserted in his Rule 60(b) motion/construed successive § 2255 motion: that the Indictment failed to charge him with all elements necessary to prove that he distributed crack cocaine; that the jury was not required to decide all facts relevant to his drug conviction; and that the Trial Court improperly enhanced his sentence under the statutes or the federal Sentencing Guidelines based on facts not determined by a jury. The basis of these claims was clearly the United State Supreme Court's *Booker* decision, rendered in January 2005, after he was sentenced in April 2002. Miller did not seek permission from the Seventh Circuit to proceed with his claims in a successive § 2255 motion.

In his § 2241 petition, Miller has labeled his claims as "Sixth Amendment ineffective assistance counsel claims," but they are essentially the same claims he

---

[7] As recognized in *United States v. Earnest*, 129 F.3d 906 (7th Cir.1997), the Seventh Circuit *Booker* decision was later superseded by statute, U.S.S.G. § 2D1.1 (c)(D) (2008), under which crack and cocaine base were treated synonymously with respect to sentencing.

raised in his Rule 60(b) motion, and are also premised on the United State Supreme Court's *Booker* decision. The Trial Court's refusal to consider Miller's successive § 2255 motion- - raising *de facto* Supreme Court *Booker* claims- - does not permit Miller to re-assert them in a § 2241 petition labeled as "Sixth Amendment" claims.

The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, *Charles*, 180 F.3d at 758. The remedy afforded under § 2255 is not rendered "inadequate and ineffective" if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim. *Id.*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). *See also Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (holding that habeas relief under § 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.")

Regardless of these considerations, Miller's instant claims fail because, as the Trial Court explained when denying Miller's § 2255 motion, the United States *Booker* decision does not apply retroactively to cases on collateral appeal under Seventh Circuit law. The same hold true in the Sixth Circuit. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005); *Swain v. United States*, 155 F. App'x 827, 832 (6th Cir. 2005) ("Yet

neither *Blakely* nor its federal counterpart...Booker... may be invoked on collateral review."). While the Supreme Court *Booker* decision might have possibly assisted Miller had his case been on direct appeal in 2005, his case was not on direct appeal at that time; it was only on collateral review in a § 2255 proceeding.

Following the Fair Sentencing Act of 2010, the Sentencing Guidelines pertaining to crack cocaine were again amended, at Amendment 750. The Sentencing Commission changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline. As was the case with the prior amendments to the Sentencing Guidelines, however, Miller's status as a career offender would likely preclude a reduction in his sentence under Amendment 750. *See United States v. Freeman*, No. 1:94-CR-00014, 2012 WL 1309132, at *3 (E.D. Tenn., April 16, 2012); *United States v. Morris*, No. 2:97–99–6, 2012 WL 760320, at *2 (S.D. Ohio March 07, 2012).

Finally, Miller cites no retroactively applicable Supreme Court decision which would afford him relief. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles*, 180 F.3d at 757. "The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case

of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)." *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003).

As the savings clause of § 2255 does not apply, Miller's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner Stacey D. Miller's motion for extension of time to file a brief, [D. E. No. 3], is **GRANTED** *nunc pro tunc*;

(2) Miller's 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No.1], and supplemental § 2241 petition, [ D. E. No. 4], are **DENIED**;

(3) This action is **DISMISSED**, *sua sponte*, from the docket; and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden D. Berkebile.

This 9th day of May, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge